# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| THEO HUDDLESTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-14-597-R |
| ALEX HUDDLESTON, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim. Doc. No. 7. Plaintiff has sued Defendant, Plaintiff's son, for conversion, breach of fiduciary duty, and unjust enrichment for withdrawing funds from Plaintiff's bank accounts. Defendant responded with counterclaims for breach of contract, promissory estoppel, and fraud. He alleges that Plaintiff made several promises over a period of years to provide funding for a sawmill business and to convey real property to Defendant if Defendant moved to Arkansas and provided certain personal services to Plaintiff. Plaintiff moves to dismiss all of Defendant's counterclaims under Rule 12(b)(6).

## Standard of Review

In considering a motion under Rule 12(b)(6), the Court must determine whether the Plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to

relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555, 570 (citation omitted). Although decided within an antitrust context, *Twombly* stated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). For the purpose of making the dismissal determination, the Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

### A. Breach of Contract – Sawmill Business

Defendant brings a claim for breach of contract against Plaintiff. He contends that in November 2003, Plaintiff promised Defendant that if he moved from Texas to Arkansas, Plaintiff would provide him funds to start a sawmill business with Defendant, including funds "to purchase the sawmill, begin clearing land and building fences." Answer & Countercl. 4-5. Defendant subsequently moved to Arkansas, and Plaintiff has yet to provide such funds. *Id.* at 5-6.

Plaintiff argues that this claim is time-barred. The Court may dismiss a claim as untimely under Rule 12(b)(6) "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Cosgrove v. Kansas Dep't of Soc. & Rehab. Servs.*, 332 F. App'x 463, 465 (10th Cir. 2009) (unpublished) (quoting *Aldrich v. McCullough Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). The statute of limitations on a breach of contract claim in Oklahoma is three years. OKLA. STAT. ANN. tit. 12, § 95(A)(2) (West). Defendant's cause of action accrued when he "could have first maintained the cause of action to conclusion." *McCain v. Combined Commc'ns Corp. of*

2

*Oklahoma*, 975 P.2d 865, 867 (Okla. 1998). The parties' intent concerning the time for performance of this contract is unclear from Defendant's allegations. Oklahoma law provides that "[i]f no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly, as for example, if it consists in the payment of money only, it must be performed immediately upon the thing to be done being exactly ascertained." OKLA. STAT. ANN. tit. 15, § 173 (West). Because Plaintiff allegedly promised to pay money, his performance came due when Defendant moved to Arkansas, which occurred prior to 2009. *See* Answer & Countercl. 5. Therefore, the three-year statute of limitations has passed on Plaintiff's 2003 promise to pay for a new sawmill.

Defendant argues in response that Plaintiff waived the statute of limitations by promising "funding for the sawmill … in order to procure the personal services of Defendant during Plaintiff's illnesses and to further Plaintiff's own economic interests."[1] Doc. No. 12, at 4-5. "[I]f a person induces another to let the limitations period expire, and if such inducement is of such a character as to make it iniquitous to permit the limitations statute to act as a bar, the defendant will be estopped to assert the statute." *Matter of Adoption of Lori Gay W.*, 589 P.2d 217, 221 (Okla. 1978) (citations omitted).

---

[1] In support of this and other contentions, Defendant attaches to his Response to Plaintiff's Motion to Dismiss an affidavit regarding interactions between the parties in May and October 2013, as well as a copy of an Agricultural Exemption Permit issued in 2012. Answer & Countercl., Ex. 1 & Ex. A. The Court declines to consider these attachments in ruling on the motion to dismiss. *See Geras v. Int'l Bus. Machines Corp.*, 638 F.3d 1311, 1315 (10th Cir. 2011) ("Nor was the court required to consider the materials submitted by Plaintiff simply because they included facts relevant to the claims in his complaint." (citation omitted)).

In *Douglass v. Douglass*, 188 P.2d 221, 223-24 (Okla. 1947), the Supreme Court of Oklahoma held that the plaintiff-father was not time-barred when the defendant-son promised to execute a note and mortgage and "from time to time, about every six months or year thereafter, the plaintiff asked his son to execute the note and mortgage and the son promised to do so, and, being his son, plaintiff relied upon his promises and was thereby induced to delay the bringing of a suit." The Court concluded that the son was estopped from pleading the statute of limitations "by reason of the promises made … and by reason of the confidential relationship existing between [the father] and his son," and because the father was justified in relying on, and did rely on the promises. *Id.* at 224.

The Court finds that Plaintiff is estopped from pleading the statute of limitations on Defendant's breach of contract claim related to the sawmill business. This case involves "a confidential relationship existing between a father and son wherein the [father] exerted his influence over the [son] to secure his forbearance in seeking recovery." *Lori Gay W.*, 589 P.2d at 221. Defendant alleges that Plaintiff "continued to promise Defendant that he would provide the funding to start a sawmill business in Arkansas," he "renewed his promise to purchase the sawmill again in 2010," and in 2013 "continued to promise to provide funding for the sawmill." Answer & Countercl. 5-6. Defendant also alleges that, in reliance on this promise, he moved to Arkansas, purchased a sawmill to start the business, and provided services to Plaintiff. *Id.* Because Plaintiff lured Defendant "into a false sense of security," it would be iniquitous to permit Plaintiff to plead the statute of limitations as a defense. *Bowman v. Oklahoma Natural Gas Co.*,

385 P.2d 440, 444 (Okla. 1963). Therefore, the Court declines to dismiss Defendant's claim for breach of contract related to funding for a sawmill business.

### B. Breach of Contract – Real Property

Defendant alleges that Plaintiff also promised to convey his real property to Defendant in exchange for Defendant providing personal services, and Defendant agreed. Plaintiff first argues that this agreement is not enforceable because it is barred by the statute of limitations. Defendant responds with his allegation in the Counterclaim that "[a]s recently as 2013, Plaintiff continued to promise to provide funding for the sawmill and to deed his real property to Defendant." Answer & Countercl. 6. Plaintiff responds that the terms of the 2013 agreement are too indefinite, rendering the agreement unenforceable. *See Dunn v. Dunn*, 391 P.2d 885, 887 (Okla. 1964) ("[A]n agreement which is not sufficiently definite to enable a court to ascertain the parties' intentions with reasonable certainty does not constitute an enforceable contract.").

Although Defendant does not allege exactly what personal services he agreed to perform, when he would perform them, and when Plaintiff would transfer the property, "[t]he complaint does not need detailed factual allegations." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). Rather, "the factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, the agreement as alleged is not "so vaguely expressed as to be wholly unascertainable." *See* OKLA. STAT. ANN. tit. 15, § 104 (West). Plaintiff allegedly promised to convey all of his real property in exchange for Defendant's personal services. If, after development of the facts, it is discovered that the parties did not specify the time in which the services were to be

performed or when the property was to be transferred, the Court may provide a reasonable time. *See* OKLA. STAT. ANN. tit. 15, § 173 (West). ("If no time is specified for the performance of an act required to be performed, a reasonable time is allowed."). Defendant has stated enough facts "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall*, 584 F.3d at 863 (quoting *Iqbal*, 556 U.S. at 678).

Defendant next argues that Plaintiff's oral promise to transfer real property does not satisfy the statute of frauds. Under Oklahoma law, an agreement to sell real property must be in writing and signed by the party to be charged to be enforceable. OKLA. STAT. ANN. tit. 15, § 136(4) (West). The Court may dispose of a claim pursuant to such an affirmative defense on a motion to dismiss only if "the defense appears plainly on the face of the complaint itself." *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). Defendant argues that the agreement is taken out of the statute of frauds by the doctrine of part performance. *See Wehrenberg v. Boothe*, 106 F.3d 414 (10th Cir. 1997) (unpublished) (citing *Sohio Petroleum Co. v. Brannan*, 235 P.2d 279, 285 (Okla. 1951)). It is not clear on the face of the Counterclaim that there has been no part performance. Because Defendant has alleged sufficient facts to make his claim to relief plausible on its face, and facts supporting the affirmative defense of the statute of frauds do not appear plainly on the face of the Counterclaim, Plaintiff's motion to dismiss Defendant's claim for breach of contract related to the real property is denied.

**C. Promissory Estoppel – Sawmill Business & Real Property**

Plaintiff argues that the statute of limitations has also passed on Defendant's promissory estoppel claims. Regardless of whether the limitations period has actually

passed on such claims, the Court finds that Plaintiff is equitably estopped from asserting the statute of limitations as a defense.

Plaintiff is estopped from asserting the limitations period as a defense to Defendant's promissory estoppel claim related to the promise to provide funding for a sawmill business for the same reasons noted in Section A above. Plaintiff is also estopped from asserting such a defense against the promissory estoppel claim related to the promise to convey real property. Defendant alleges that Plaintiff made multiple promises to convey his real property in exchange for procuring services from Defendant. Answer & Countercl. 6. In reliance on this alleged promise, Plaintiff provided the agreed-upon services. *Id.* Because of Plaintiff's continued promises, the confidential relationship between the parties, and Defendant's justified reliance on these promises, the Court declines to dismiss Defendant's promissory estoppel claims as untimely.

Plaintiff further argues that Defendant's continued reliance on his promise to provide funding for a sawmill business and to convey real property was unreasonable. He asserts this argument for two purposes. First, assuming continued reliance on Plaintiff's promises was unreasonable, Plaintiff is not estopped from asserting the statute of limitations. Second, reasonable reliance is a necessary element of the promissory estoppel claim, and without it, Defendant has failed to state such a claim.

Reasonable reliance is one element of a promissory estoppel claim. *See Russell v. Bd. of Cnty. Comm'rs*, 952 P.2d 492, 503 (Okla. 1997). Because Defendant's allegations are similar to those in *Douglass*, and the *Douglass* Court found the father's reliance on the son's promises justified, *see Douglass*, 188 P.2d at 224 ("Plaintiff alleged … he was

justified in relying upon … such promises …. We agree with this contention."), the Court finds that Defendant has stated enough "facts to state a claim to relief that is plausible on its face" on the issue of reasonable reliance, *Twombly*, 550 U.S. at 570. Therefore, the Court declines to dismiss Defendant's promissory estoppel claims.

### D. Fraud

Finally, Plaintiff argues that Defendant's fraud claim is barred by the two-year statute of limitations. *See* OKLA. STAT. ANN. tit. 12, § 95(A)(3) (West). In response, Defendant points to his Counterclaim in which he alleges that Plaintiff promised in 2013 to provide funding for a sawmill business and to convey his real property to Defendant. Answer & Countercl. 7. Because Defendant's allegations include statements made by Plaintiff in 2013 that Defendant argues were fraudulent, the Court finds that the fraud claim is timely.

### **Conclusion**

In accordance with the foregoing, Plaintiff's Motion to Dismiss Defendant's Counterclaim is DENIED.

IT IS SO ORDERED this 16th day of October, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE